UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                        Plaintiff,

                                        DECISION AND ORDER

                                        08-CR-6197L
                                        12-CV-6234L

                  v.

MICHAEL MAHANEY,

                                        Defendant.
_____

Defendant Michael Mahaney ("Mahaney") was charged with the knowing receipt of child pornography. He pleaded guilty to the charge and was sentenced on February 5, 2009, principally to a 72 month term of imprisonment.

On April 27, 2012, more than three years after the judgment became final, Mahaney filed the instant motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. The motion is in all respects denied.

Defendant pleaded guilty on September 17, 2008. The plea colloquy was thorough and complied with all provisions of Fed. R. Crim. P. 11. Thereafter, defendant appeared for sentencing and received the sentence of 72 months, which was well below the range set forth in the United States Sentencing Guidelines of 151-188 months.

After reviewing the motion, the Government's motion to dismiss (Dkt. #37), and all pleadings filed by Mahaney, it is clear that the motion must be denied. First, the motion is not timely. As the Government points out, such motions under the Anti-Terrorism and Effective Death Penalty Act of 1996, must be filed within one year of the date within which the Judgment of Conviction becomes final. Mahaney waited for over two years from the time the judgment became final to file the motion and, therefore, it is barred by the relevant statute of limitations.

Second, in the plea agreement, Mahaney agreed to waive the right to appeal or file any collateral attack as long as the Court's sentence was within the sentencing guidelines or lower. The Court's sentence clearly meets that criteria and, therefore, defendant's present motion under § 2255 is, and should be, barred by the plea agreement. The record establishes that Mahaney's plea was knowing and voluntary and that all the provisions of Rule 11 were met. The transcript of the colloquy demonstrates clearly that Mahaney understood as long as the Court sentenced him within the guideline range (151-188 months) or below, he would not be able to appeal or collaterally attack the sentence. There's no reason in this case not to enforce the plea agreement, which precluded any appeal, or collateral attack.

It is "well-settled that a defendant's knowing and voluntary waiver of his right to [collaterally attack] a sentence within an agreed upon guidelines range is enforceable." *U.S. v. Djelevic*, 161 F.3d 104, 106-07 (2d Cir. 1998). Knowing and voluntary appellate waivers should be enforced. Defendant received the benefit of the plea bargain and should be held to all of its terms.

Finally, on the merits, Mahaney's claims that this Court lacked subject matter jurisdiction because the visual depictions did not cross state lines or that there was no affect on interstate commerce are without merit. The Government discusses these arguments at length in its motion to

dismiss and, for the reasons set forth there, it is clear that Mahaney's motion must be denied. During the plea colloquy, Mahaney acknowledged the elements and the factual basis for the plea, which clearly state that the visual depictions were shipped or transported in interstate or foreign commerce by means of a computer. Mahaney admitted that he had knowingly received items of child pornography which had been transported in interstate or foreign commerce by means of a computer. It was clear during the plea colloquy and as part of the presentence report that Mahaney used the internet and a file sharing program known as LimeWire. As the Government points out, in response to the presentence report, Mahaney admitted receiving and distributing files via LimeWire. Based on the plea and the admissions of defendant, the Government established all elements of the offense. Defendant acknowledged the elements and admitted the factual basis, all of which establish the Court's jurisdiction.

As to Mahaney's challenge that prosecution is precluded because Congress exceeded its powers under the Commerce Clause, dismissal is warranted. The Second Circuit and other courts have soundly rejected such a claim. *See*, *U.S. v. Holston*, 343 F.3d 83, 90 (2d Cir. 2003); *U.S. v. Harris*, 358 F.3d 221, 222 (2d Cir. 2004). The Government cites other cases as well, which demonstrate that Mahaney's claims lack any merit whatsoever.

CONCLUSION

The motion of defendant Michael Mahaney to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is in all respects denied.

Furthermore, because I find that Mahaney has failed to make a substantial showing of the denial of a Constitutional right, I deny a certificate of appealability.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 19, 2012.